**BYRON M., Plaintiff,**

v.

**CITY OF WHITTIER and Whittier Police Dept., Defendants.**

**No. CV 98–8678 ABC MANX.**

United States District Court,
C.D. California.

Nov. 10, 1998.

Paul Wallin, Wallin & Klarich, Santa Ana, CA, for plaintiff.

Bruce D. Praet, Ferguson, Praet & Sherman, Santa Ana, CA, for defendant.

## ORDER RE: TEMPORARY RESTRAINING ORDER

COLLINS, District Judge.

Plaintiff's Motion for a Temporary Restraining Order came on regularly for hearing before this Court on November 10, 1998. After reviewing the materials submitted by the parties, argument of counsel, and the case file, it is hereby ORDERED that Plaintiff's Motion is GRANTED in part and denied in part.

The Court, having reviewed the papers relating to Plaintiff Byron M.'s Motion for Temporary Restraining Order, finds as follows:

### I. Standard

■ A court may issue a temporary restraining order if it determines: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and depending on the nature of the case, (4) the public interest favors granting relief. *See International Jensen v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir.1993).

■ Under the "alternative standard," a party may obtain a temporary restraining order, by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. *Id.* "The alternative standards are not separate tests but the outer reaches of a single continuum." *Id.* (quotation omitted). Essentially, the trial court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.

Schwarzer & Tashima, *Federal Civil Procedure, Before Trial,* at 13:39.

## II. Discussion

### A. Probable Success on the Merits

#### 1. Plaintiff's Ex Post Facto and Double Jeopardy Challenges

 Plaintiff's argument that *Penal Code* § 290 violates the Ex Post Facto and Double Jeopardy Clauses, rests on a determination that the notification provision of the Act constitutes punishment.[1] To examine whether an Act imposes punishment in violation of the Ex Post Facto Clause, courts apply the two-part Usery–Hendricks "intent-effects" test. The test examines whether (1) the legislature intended the sanction to be punitive, and (2) the sanction is "so punitive" in effect as to prevent the court from legitimately viewing it as regulatory or civil in nature despite the· legislature's intent. *Russell v. Gregoire,* 124 F.3d 1079, 1087 (9th Cir. 1997).

 It is clear from the legislative history of *Penal Code* § 290, that the legislature did not intend for the· Act's notification requirements to be punitive. The legislature specifically states that "[t]his policy of authorizing the release of necessary and relevant information about serious and high-risk sex offenders to members of the general public is a means of assuring public protection and shall not be construed as punitive." *See* § 290, Historical and Statutory Notes at 157 (West 1988 & Supp.1998). The legislature also states that it "does not intend that the information be used to inflict retribution or additional punishment on any such person convicted of a sexual offense." *Id.*

The second part of the Usery–Hendricks test requires the party challenging the statute to "provide 'the clearest proof' that the statutory scheme is so punitive either in purpose or effect as to negate the State's nonpunitive intent." *Russell,* 124 F.3d at 1087. The Court finds that Plaintiff does not meet this burden as to the notification requirements of *Penal Code* § 290. While Plaintiff argues that *Penal Code* § 290 is punitive because it lacks safeguards similar to the Washington statute approved in *Russell,* an examination of the California statute reveals that similar protections, restrictions and limitations are included in *Penal Code* §. 290. Specifically, Section (m)(1) requires an officer to "reasonably suspect" that someone may be at risk before dissemination occurs, and only information that is "relevant and necessary" to protect public safety is released to those in the public who are "likely to encounter" the registered sex offender.[2] Section (q) of the statute also authorizes jail time for those who use sex-offender information to commit a felony and a fine in the range of $500 to $1,000 to be levied against those who use sex-offender information to commit a misdemeanor.

The statute's built-in limitations and restrictions further show that *Penal Code* § 290 is intended, not to punish past offenses, but to serve important nonpunitive goals of public safety, awareness, protection and·deterrence. As the Ninth Circuit has stated, "a deterrent purpose can serve

---

1. The Ex Post Facto Clause prohibits retroactive application of a law that "inflicts a greater punishment, than the law annexed to the crime when committed." *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798). The Double Jeopardy Clause forbids "multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). "[N]o one … suggests that 'punishment' has a different meaning under one of these clauses than under the other." *E.B. v. Verniero,* 119 F.3d 1077, 1092 (3rd Cir.1997). Accordingly, "neither clause is implicated unless the state has inflicted 'punishment.'" *Id.*

2. The Court notes, however, that Plaintiff falls under § 290(n), not §·290(m). Section (n) states:

In addition to the procedures set forth else.where in this section, a designated law enforcement entity may advise the public of the presence of high-risk sex offenders in its community pursuant to this subdivision. *Cal.Penal Code* § 290(n).

both civil as well as criminal goals. That a sanction has a deterrent purpose does not make it punitive." *Id.* at 1091.

In sum, the Court finds that the notification provisions of *Penal Code* § 290 do not constitute punishment for the purposes of the Ex Post Facto and Double Jeopardy Clauses. Plaintiff, therefore, has not demonstrated success on the merits as to these two challenges.

### 2. Plaintiff's Violation of Due Process Claim

Plaintiff argues that a hearing should be required before registration information is disseminated pursuant to Section 290. However, Plaintiff has not articulated what privacy or liberty interest is violated by the statute. In fact, *Penal Code* § 290, like the Washington statute at issue in *Russell,* disseminates information that is available to the public because California's Public Records Act renders the information set forth in *Penal Code* § 290(m)(1)(A–N) a matter of public record. Furthermore, information about sex offenders is available on CD–ROM pursuant to *Penal Code* § 290.4.

When there are no privacy interests or liberty interests at stake, a due process claim is rejected. *Russell,* 124 F.3d at 1093 (rejecting Plaintiff's due process claim because collection and dissemination under Washington law did not violate any protected privacy interest, and did not amount to a deprivation of liberty or property). Because no privacy or liberty interest has been shown to be implicated by the statute, the Court finds that Plaintiff has not demonstrated success on the merits as to his Due Process claim.

### 3. Plaintiff's Claim that Defendants' Enforcement of *Penal Code* § 290 is Arbitrary and Capricious

Plaintiff has not demonstrated a probability of success on the merits of his claim that *Penal Code* § 290 is arbitrary and capricious. Plaintiff claims he was singled out by the City of Whittier Police Department because he filed a complaint with the District Attorney's office. Defendants assert that Plaintiff was contacted by the City of Whittier Police Department because the department had just implemented a newly-approved policy regarding "Megan's Law." Three high-risk sex offenders resided in Whittier at the time of implementation, one of whom was Plaintiff. The City of Whittier has provided evidence that it contacted all three of the high-risk sex offenders at the same time. In fact, the two sex offenders other than Plaintiff were subsequently arrested for failing to register as required by state law. As a result of their arrest, these sex offenders have received local media coverage of their stories. Based on the evidence before the Court, the Court finds that Plaintiff has not established a probability of success on his claim that the Defendants applied Penal Code § 290 in an arbitrary and capricious manner.

### B. Irreparable Injury

Articles have already been written in the local media about Plaintiff's status as a high-risk sex offender. Furthermore, it appears that the media attention focused on Plaintiff up to this point stems, not from efforts by the City of Whittier to disseminate information about Plaintiff, but from the filing of Plaintiff's lawsuit. Defendants therefore argue that the issue of media notification is moot. Nevertheless, there is some information that has not yet been made available to the press, such as Plaintiff's photograph, physical description, address, and license plate number(s), which the Defendants plan to release to the media under their policy interpreting § 290(n) if a restraining order does not issue. The issue is whether Plaintiff's status as a high-risk sex offender authorizes publication to the media pursuant to § 290(b)'s "advise the public" terminology. If the Defendants do not have the right to publish the information listed in § 290(m)(2)(A)–(N) to the media under § 290(n), then publication could constitute

irreparable injury. The parties did not brief the interpretation of § 290(n)'s meaning with regard to the extent to which the department may "advise the public" of the presence of high-risk sex offenders in their "community." [3] Accordingly, the Court cannot determine whether Plaintiff has shown the possibility of irreparable injury as to the issue of release of information to the media. However, because Plaintiff has not shown a probability of success on ex post facto and due process grounds, the Court need not reach this issue today. Nevertheless, because the issue is an important one, the Court will restrain publication to the media until the parties brief the issue for hearing on preliminary injunction.

### III. Conclusion

For all of the reasons set forth above, the Court hereby ORDERS that Plaintiff's motion for a temporary restraining order is GRANTED as to the distribution of his personal information to the media, but DENIED as to all other grounds.

**SO ORDERED.**

---

**3.** It is clear to the Court that the Defendants are entitled to proceed with the notification authorized in § 290(m)(1)(A) and (B).